Ingraham, J.
In determining this question, I shall not attempt to do more than give the conclusions at which I have arrived, as 1 think it important to the parties in interest that the motion should be decided at once.
The respondent is a corporation created by act of congress, and is the owner, and operates a railroad running through several states and territories, and has an office in the city of New York. The plaintiff is a holder of 200 shares of the preferred stock, and 500 shares of the common stock of said corporation, and as such stockholder requested the officers of said corporation in charge of the transfer books of said stock to allow him to examine such transfer stock-books, but said officers refused to allow such an examination. The relator, therefore, asks for a peremptory writ of mandamus, requiring said company to permit such examination.
The most serious objection made by the respondent, is that the courts of this state have no power to interfere, or control by mandamus a foreign corporation, or a corporation created by, or existing under laws of any state, except the state of the tribunal whose interference is asked.
The relator does not claim that there is any express provision of statute that authorizes the writ asked for, but insists that by common law the court, has power, when neces *458 sary, for the purpose of preserving the rights and interest of stockholders, to interfere by mandamus and compel the exhibition of such books.
It will be noticed that this is not an action, and therefore section 1708 of the Code, and the decisions to which I have referred under that section, do not apply.
That the legislature could constitutionally authorize the courts of this state to exercise such power over all corporations, bringing themselves and their property within this jurisdiction, cannot, I think, be doubted, but no such authority has been given.
Chapter 165 of the Laws of 1842 provides that the transfer agent, in this state, of any corporation existing beyond the jurisdiction of this state, shall at all reasonable times, exhibit to any stockholder when required by him, such books ; and then provides a penalty for each refusal to comply with the statute. It is not claimed by relator that this application can be sustained by this statute, it applies only to transfer agents, and not to the corporation. Any proceeding under that statute must be taken against the transfer agents, and not against the company (People ex rel. Hatch v. L. S. & M. S. R. Co., 11 Hun, 1).
To sustain the power of the courts of this state to grant this application, it must, therefore, appear that a court of equity has power to control by its process the corporate action of a foreign corporation. This power, it would appear, the legislature of this state has given to the courts, when a cause of action exists in favor of the residents of this state against such a corporation (Code, § 1708), but no statute to which I have been referred, or which, in the limited time that I have had to devote to the examination of this question, I have been able to find, has given such a power to the courts of this state to proceed by special proceedings, or in any other way, except by action.
An application for a mandamus is a special proceeding. An action must be commenced by the service of a summons (Code, § 416).
The only case to which I have been referred on this *459 question, is the case of People ex rel. Jenkins v. The Parker Vein Coal Company (10 How.Pr. 548), where Judge Mitchell, on delivering one of the opinions, holds, that a mandamus cannot issue against a foreign corporation, except it violates a law of this state. And while it does not violate any law of our state, the state should not interfere with it. The case of People ex rel. Hatch v. L. S. & M. S. R. R. Co. (11 Hun, 1), holds that proceedings for a writ of mandamus to compel the exhibition of transfer-books of a foreign corporation, can be taken against a transfer agent only. The passage of the act of 1842 would not have been necessary, if the courts of this state had the power claimed, as the transfer agents, being the agents of the corporations, could have been compelled to exhibit the transfer-books of the corporations themselves, and were subject to such control.
But if the court had the power to grant the relief asked, I do not think under the circumstances in this case the application should be granted.
The application “is addressed to the sound discretion of the court,” and “should be exercised with great discrimination and care.” “The court should guard against all attempts by combinations hostile to the corporation or its existing officers, to use its writ of mandamus to accomplish their personal or speculative ends” (People ex rel. Hatch v. L. S. & M. S. R. R., supra).
In this case it is alleged by the respondents', and not denied by the relator, that the stock owned by the relator was transferred to him, long after the resolution of the board of directors of said corporation, authorizing the execution of the mortgage which the relator opposes, and to aid which opposition the inspection is sought, and the circular asking the consent of the stockholders had been issued.
Under such circumstances, I think before the court should grant such a writ as is here applied for, it was incumbent on the relator to show that he was a tona fide holder of the stock, that he sought to protect before the action of the directors of said company, and that this is *460 not an attempt to use the writ oí mandamus to accomplish “ personal or speculative ends.”
The relator must show affirmatively all the facts to entitle him such writ, and under the facts as they appear on this application, I am of the opinion that the application should be denied.